ORIGINAL

FILED
NOV 27 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DICK PACIFIC/GHEMM, JV,<br>on behalf of Hudson Bay Insulation Co., Inc.,<br>Plaintiff,<br>vs.<br>THE UNITED STATES,<br>Defendant. | No. 06-791 C |

# COMPLAINT

COMES NOW Dick Pacific/Ghemm, JV ("Dick Pacific"), of behalf of Hudson Bay Insulation Co., Inc. ("Hudson Bay"), for its Complaint herein, states and alleges as follows:

## PARTIES AND JURISDICTION

1. Dick Pacific is the prime contractor to the United States of America (the "Government") on the construction project known as Bassett Hospital Replacement (the "Project"), Contract No. DACA85-02-C-0004, located at Ft. Wainwright, AK.

2. W.A. Botting Company ("Botting") subcontracted the mechanical portion of the Project from Dick Pacific, with the exception of the mechanical insulation scope. Hudson Bay subcontracted the mechanical insulation portion of the Project from Dick Pacific. Pursuant to both Botting and Hudson Bay's subcontracts, Botting is obligated to manage and supervise Hudson Bay's subcontract performance, including the submittal and distribution of Hudson Bay change proposals, changes and claims.

3. The defendant is the United States of America, acting by and through the U.S. Army Corps of Engineers.

4. This claim arises out of a written contract with the United States of America. The Court has jurisdiction over this matter under 28 U.S.C. 1491, and the Contract Disputes Act of 1978 (41 U.S.C. § 609(a)).

STATEMENT OF FACTS

5. Dick Pacific realleges paragraphs 1 through 4 herein.

6. On February 19, 2002, the Government, by the Alaska District of the U.S. Army Corps of Engineers, pursuant to its solicitation documents, awarded Contract No. DACA85-02-C-0004 to Dick Pacific, for the construction of a 32-bed, multi-story replacement hospital intended to serve the needs of the military, dependent, and retiree populations of Fort Wainwright, Fort Greely, Eielson AFB, and remote military sites north of the Alaska Range.

7. A subcontract for the mechanical insulation portion of the Project was executed between Dick Pacific and Hudson Bay on or about May 16, 2002. Hudson Bay's subcontract incorporates FAR 52.243-4 CHANGES (AUG 1987). Pursuant to FAR 52.243-4, the Government may, at any time, make changes to the work within the general scope of the contract, and any written or oral order that causes a change shall be treated as a change order entitling Hudson Bay to an equitable adjustment.

8. Contract notice to proceed was issued on March 14, 2002, and the Government accepted beneficial occupancy of the Project on or about October 25, 2006.

9. On or about August 10, 2004, the Government issued unilateral Request for Information ("RFI") 1577, ordering Hudson Bay to insulate ductwork downstream from dual duct terminal units in accordance with the cold duct insulation specification, TS 15080-3.4.2 (Insulation and Vapor Retarder for Cold Air Duct). On or about August 26, 2004, Dick Pacific notified the Government (via Serial Letter 1037) that RFI 1577 was considered a change and requested an equitable adjustment under FAR 52.243-4.

10. The Government denied Hudson Bay's request for an equitable adjustment on September 1, 2004.

11. On or about September 15, 2006, Dick Pacific requested a Contracting Officer's Decision regarding Hudson Bay's entitlement to an equitable price adjustment under FAR 52.243-4.

12. The Contracting Officer failed to issue a decision within sixty days of receipt of the contract claim. Dick Pacific is proceeding herein on a deemed denial basis pursuant to 41 U.S.C. § 605(c)(5).

13. The issue presented to the Court is whether Hudson Bay is entitled to an equitable price adjustment pursuant FAR 52.243-4 for its cost of installing cold duct insulation on ductwork downstream from dual duct terminal units.

14. Hudson Bay incurred additional costs of $102,243 (exclusive of applicable markups) insulating ductwork down stream from dual duct terminal units in accordance RFI 1577. Under applicable principles of contract, law, and equity, Dick Pacific, on behalf of Hudson Bay, is entitled to recover this amount from the Government.

15. Dick Pacific and its subcontractor Hudson Bay properly certified this claim as required by law, and have performed all conditions precedent to the bringing of this action before the United States Court of Federal Claims.

## FIRST CAUSE OF ACTION: EQUITABLE ADJUSTMENT

16. Plaintiff realleges paragraphs 1 through 15 herein.

17. Pursuant to FAR 52.243-4, the Government may order changes to the work, and such changes are to be treated as a change orders entitling Hudson Bay to an equitable adjustment.

18. The Government failed to equitably adjust Hudson Bay's contract. As a direct result of the Government's failure, Hudson Bay has incurred damages of not less than $102,243.

SECOND CAUSE OF ACTION: BREACH OF CONTRACT

19. Plaintiff realleges paragraphs 1 through 18 herein.

20. By its actions and inactions, the Government breached its express and implied contractual obligations with Dick Pacific.

21. As a direct result of the breach of contract, Dick Pacific has incurred damages of not less than $102,243.

THIRD CAUSE OF ACTION: QUANTUM MERUIT

22. Plaintiff realleges paragraphs 1 through 21 herein.

23. The Government has been unjustly enriched by the efforts of Dick Pacific and equity demands that the Government compensate Dick Pacific for the reasonable value of work provided.

24. The reasonable value of work provided by Dick Pacific, through Hudson Bay, is in not less than $102,243.

PRAYER FOR RELIEF

WHEREFORE, Dick Pacific prays for relief as follows:

1. That the Contracting Officer's deemed denial of Dick Pacific's contract claim be overturned;

2. That the Government be directed to compensate Dick Pacific, on behalf of Hudson Bay, in the amount of $102,243, plus any applicable mark-ups;

3. That interest be awarded on all amounts due Dick Pacific pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 611;

4. That Dick Pacific be awarded all costs and attorneys' fees permitted by law, including (without limitation) the Equal Access to Justice Act; and

5. For such other relief as the Court deems just and equitable.

DATED this 21st day of November, 2006.

WINSTON & CASHATT

ROBERT H. CRICK, ESQ
1900 Bank of America Financial Center
601 W Riverside
Spokane, WA 99201
(509) 838-6131
(509) 838-1416 facsimile

Of Counsel:

JOHN H. GUIN, ESQ
JASON M. KETTRICK, ESQ
WINSTON & CASHATT
1900 Bank of America Financial Center
601 W Riverside
Spokane, WA 99201
(509) 838-6131
(509) 838-1416 facsimile

ERIK D. EIKE, ESQ.
707 Richards Street, Suite 201
Honolulu, HI 96813
(808) 537-5950
(808) 537-5955 facsimile

76723.doc